UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHERMAN HOLMES,

    Plaintiff,

vs.

MERIT SYSTEM PROTECTION BOARD,[1]

    Defendant.

Case No. 3:22-cv-364

District Judge Michael J. Newman,
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE (Doc. No. 14); AND (2) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT BY JUNE 3, 2024**

---

This is a civil case in which *pro se* Plaintiff Sherman Holmes seeks review of a Final Order issued by the Merit Systems Protection Board ("MSPB").  Doc. No. 6 at PageID 85.  Plaintiff named the Department of Veterans Affairs as Defendant.  *Id.*  This case is before the Court on Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Doc. No. 14.  Plaintiff filed a memorandum in opposition.  Doc. No. 16.  Defendant has not filed a reply, and the time to do so has passed.  Thus, the motion is ripe for review.

# I.    JURISDICTION

Defendant first moves to dismiss this case due to the Court's lack of subject matter jurisdiction over the case.  Doc. No. 14 at PageID 139.

---

[1] This case lists the Merit System Protection Board as the Defendant on the docket.  However, Plaintiff submitted an Amended Petition clarifying that the Department of Veterans affairs is the Defendant in this case.  Doc. No. 6.  Thus, the only remaining Defendant in this case is the Department of Veterans Affairs.

### A. Rule 12(b)(1) Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction—in this case, Plaintiff—bears the burden of establishing it. *Id.* "Lack of subject matter jurisdiction is a non-waivable, fatal defect." *Ryan v. McDonald*, 191 F.Supp.3d 729, 735 (N.D. Ohio June 13, 2016) (citing *Watson v. Cartee*, 817 F.3d 299, 302-03 (6th Cir. 2016)).

A Rule 12(b)(1) motion can challenge lack of subject matter jurisdiction in two ways: a facial attack and a factual attack. *Abbott v. Mich.*, 474 F.3d 324, 328 (6th Cir. 2007) (citing *DLX, Inc. v. Ky.*, 381 F.3d 511, 516 (6th Cir. 2004)). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Where there is a facial attack on standing, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Parsons, v. U.S. Dep't of Just.*, 801 F.3d 701, 710 (6th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). This "analysis must be confined to the four corners of the complaint." *Id.* at 706.

Conversely, a factual attack allows the court to consider evidence outside the pleadings and to "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (citations omitted). A court may look to amendments to the complaint, affidavits, and other materials on the record in determining whether a party has adequately demonstrated standing. *Warth*, 422 U.S. at 501.

### B. Law and Analysis

Defendant brings both a facial and a factual attack on the Court's subject matter jurisdiction. Doc. No. 14 at PageID 140. Generally, petitioners seeking review of final orders of the MSPB must file their petitions in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A). However, when a plaintiff seeks review of a "mixed case" of an adverse personnel action and alleged discrimination, he or she should seek review in the appropriate federal district court within 30 days of receipt of the MSPB's decision. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424-26 (2017); 5 U.S.C. § 7703(b)(2).

The Court questions whether Plaintiff survives a facial attack on jurisdiction because his "Amended Petition for Review"—even if it is construed as a valid complaint under Fed. R. Civ. P. 8—does not identify any basis for the Court's subject matter jurisdiction. Doc. No. 6 at PageID 85. Plaintiff fails to make any reference to jurisdiction or allege any facts that would establish jurisdiction. *Id.* He only "petitions [the] Court for review of the order by the" MSPB and states that a copy of the order is attached. *Id.*

However—when considering all the materials in the record and construing the *pro se* filings liberally and in his favor[2]—Plaintiff does survive a factual attack on jurisdiction because he explains that he is challenging the MSPB's decision on a mixed case of an adverse personnel action and discrimination. Doc. No. 4 at PageID 47. Additionally, he filed the petition for review on December 14, 2022—less than 30 days after receiving the MSPB's final order on November

---

[2] The Court "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006).

15, 2022. Doc. No. 1. Thus, Plaintiff sufficiently established that the Court has subject matter jurisdiction over this case for purposes of surviving a motion to dismiss.[3]

## II. SUFFICIENCY OF THE COMPLAINT

Next, Defendant moves to dismiss this case due to Plaintiff's supposed failure to state a claim upon which relief can be granted. Doc. No 14 at PageID 141.

### A. Rule 12(b)(6) Legal Standard

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a

---

[3] Additionally, Magistrate Judge Caroline H. Gentry concluded that this case was properly filed in this Court after ordering Plaintiff to show cause as to why the Court should not dismiss this case for lack of subject matter jurisdiction. Doc. No. 5 at PageID 79-81.

4

defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to petitioner, accepting as true all allegations in the complaint and drawing all reasonable inferences in Plaintiff's favor.  *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

Additionally, the Court accepts a *pro se* Plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally."  *Owens*, 461 F.3d at 776 (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)).  However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* petitioners must still satisfy basic pleading requirements.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

**B. Law and Analysis**

Based upon the information in the record, it appears Plaintiff is appealing a decision by the MSPB that: (1) affirmed his termination based on a charge of inappropriate conduct; and (2) rejected his affirmative defense of sexual orientation discrimination.  Doc. No. 6 at PageID 89-90; Doc. No. 4-1 at PageID 69-71.  Any nondiscrimination claims resolved by the MSPB are reviewed by federal district courts "only upon the administrative record […] for an abuse of discretion pursuant to 5 U.S.C. § 7703(c)(1)."  *Holmes v. General Servs. Admin.*, 142 F.3d 434 (6th Cir. 1998).  However, when reviewing claims of discrimination, federal district courts must consider the facts *de novo*.  *Id.* (citing 5 U.S.C. §§ 7702, 7703(b)(2)).

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion to dismiss (Doc. No. 14), the Court questions whether Plaintiff's "Amended Petition for Review" (Doc. No. 6) satisfies Federal Rule of Civil Procedure

5

8(a).  As Defendant points out, Plaintiff has not stated a claim for relief or identified which portion(s) of the MSPB decision he seeks to have the Court review.  Doc. No. 14 at PageID 143; *see* Doc. No. 6 at PageID 85.  To resolve these issues, the Court finds it appropriate to grant *pro se* Plaintiff leave to amend his complaint.  *See Kensu*, 5 F.4th at 649.

### III.   CONCLUSION

Accordingly, Defendant's motion to dismiss (Doc. No. 14) is **DENIED WITHOUT PREJUDICE**.  Plaintiff is **GRANTED LEAVE TO FILE** an amended complaint by **June 3, 2024**.  The amended complaint shall:

1. Not exceed 20 pages;
2. State the basis for this Court's jurisdiction;
3. State a claim of sex discrimination under Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, if appropriate;
4. Allege how the MSPB abused its discretion in issuing its Final Order, if appropriate;
5. Allege facts that, if found to be true, would support these claims; and
6. State the relief he is seeking from Defendant.

Defendant may, if warranted, file a renewed motion to dismiss in the event Plaintiff files an amended complaint.  Plaintiff is **ADVISED** that if he fails to timely file an amended complaint in accordance with this Order, the Court may dismiss his complaint with prejudice and terminate this case on the docket.  *See Kensu*, 5 F.4th at 652-53.

**IT IS SO ORDERED.**

  May 13, 2024                                                     s/Michael J. Newman
                                                                                    Hon. Michael J. Newman
                                                                                     United States District Judge