UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHERMAN HOLMES,

    Plaintiff,

vs.

MERIT SYSTEM PROTECTION
BOARD,[1]

    Defendant.

Case No. 3:22-cv-364

District Judge Michael J. Newman,
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE (Doc. No. 20); AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This is a civil case in which *pro se* Plaintiff Sherman Holmes claims sex discrimination and retaliation.  Doc. No. 18.  Plaintiff named the Department of Veterans Affairs ("VA") as Defendant.  *Id.*  Defendant filed a motion to dismiss (Doc. No. 16), which this Court denied and allowed Plaintiff to amend his complaint to include *inter alia* how the Merit System Protection Board ("MSPB") "abused its discretion in issuing its Final Order."  Doc. No. 17.  Plaintiff filed an Amended Complaint.  Doc. No. 18.  This case is before the Court on Defendant's second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. No. 20.  Plaintiff filed a memorandum in opposition to which Defendant did not reply.  Doc. No. 22.  This motion is ripe for review.

---

[1] This case lists the Merit System Protection Board as the Defendant on the docket.  However, Plaintiff submitted an Amended Complaint clarifying that the Department of Veterans affairs is the Defendant in this case.  Doc. No. 18.  Thus, the only remaining Defendant in this case is the Department of Veterans Affairs.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "[t]he Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion to dismiss, the Court **GRANTS** Defendant's motion to dismiss for two reasons.

First, Plaintiff names the wrong defendant. Based on upon the amended complaint, Plaintiff alleges sex discrimination in violation of 42 U.S.C. § 2000e-16 and appeals the MSPB decision that affirmed his termination based on a charge of inappropriate conduct. Doc. No. 18 at PageID 164; Doc. No. 6 at PageID 89-90. Plaintiff filed this case in federal district court because he believes discrimination motivated the adverse personnel action. *Fuerst v. Sec'y of the Air Force*, 978 F.3d 369, 371 (6th Cir. 2020) (citing 5 U.S.C. § 7703(b)(2)). Plaintiff has incorrectly named the United States Department of Veteran Affairs as a Defendant. Pursuant to 42 U.S.C. § 2000e-16(c), a plaintiff "may file a civil action" where "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Plaintiff should have named the head of the VA as the Defendant.

Second, even if Plaintiff had correctly named the Defendant, Plaintiff fails to allege in the amended complaint why the MSPB Final Order was in error. His amended complaint also lists new claims that were not administratively exhausted in his MSPB Final Order. *See* Doc. No. 18; Doc. No. 6 at PageID 88-100. "[L]abels and conclusions" are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Before bringing the present action, Plaintiff needed to exhaust his claims administratively. *Burden v. Potter*, No. 07-14879, 2008 WL 2223898, at *4-5 (E.D. Mich. May 29, 2008), *aff'd sub nom. Burden v. U.S. Postal Serv.*, 345 Fed. App'x 972 (6th Cir. 2009).

## II.

Accordingly, Defendant's motion to dismiss (Doc. No. 20) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** and **TERMINATED ON THE DOCKET.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by *pro se* Plaintiff would be frivolous and not

taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 443-44 (1962). Consequently, Plaintiff should not be permitted to proceed *in forma pauperis* on appeal, and the Court **DENIES** Plaintiff a certificate of appealability.

    **IT IS SO ORDERED.**

December 2, 2024                                        s/*Michael J. Newman*
                                                                                               Hon. Michael J. Newman
                                                                                               United States District Judge